Michael W. Prozan, CSB # 124893
My General Counsel Group
851 N. San Mateo Drive, Suite C
San Mateo, CA 94401
Tel: 650 348-1500
Fax: 650 348-1543
Email: mike@mgcgroup.com

*Attorney for Defendants Verismart, Inc., Phillip Thoren, Jim Garvey, Andy Thoren and Joe Dawson*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# (OAKLAND DIVISION)

| | |
|---|---|
| Fletcher Carson<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Versimart Software, Inc.<br>Phillip Thoren;<br>James Garvey;<br>Carl Raff;<br>Joe Dawson; and<br>Andy Thoren<br><br>　　　　Defendants | Case No. 113766 LB<br><br>**REPLY IN SUPPORT OF 12(B)6 MOTION TO DISMISS**<br><br>**HEARING DATE: February 16, 2012**<br>**HEARING TIME: 11:00 AM**<br>**COURTROOM: 4**<br>**Judge: Hon. Laurel Beeler** |

## I. INTRODUCTION

This memorandum replies to the opposition of Plaintiff. It adds new argument from the brief of co Defendant Raff, Docket Number 45 in this action and incorporates that brief by reference.

## II. WHAT IS NOT HAPPENING

It is meaningful to note that as near as the Defendants can tell, this appears to be nothing less than a vendetta against them with no other purpose. In particular, look at what the Plaintiff *fails* to allege:

- He fails to allege that he is being denied access to the software;
- He fails to allege that he is attempting to use the software to build a commercial entity;
- He fails to allege that any Defendants pose a competitive threat as a result of this conduct;
- He makes only generic allegations about "offering the products for sale" because he cannot make any specific allegations regarding attempted sales.

## III. SUMMARY OF OPPOSITION BRIEF

Generally speaking, the opposition brief constitutes mostly a rant about the Defendants, their alleged wronging of the Plaintiff, and their audacity in defending themselves. For example, Plaintiff asserts that "the evidence is so overwhelming, that the judgment might be seen as a foregone conclusion." Opposition to Defendant Motion to Dismiss ("<u>Opposition</u>") P1L27. Defendants, by exercising their rights, make a "mockery" of the justice system. Opposition. P2L2-3. That said, Moving Defendants focus on the minimal areas in the Opposition relevant to this motion.

A. ISSUES COMMON TO COGNITIVELOGIC, vCONTENT AND vSIM

The following discussion addresses issues common to all three claims.

1. FAILURE TO ALLEGE INFRINGING ACTIVITY.

Plaintiff's response to the argument that the complaint fails to allege infringing activity is simply "courts have held that these activities clearly require copying." Plaintiff bears the burden of pleading the elements of the infringement. Plaintiff bears the burden of identifying which courts have held these activities to be infringing with citations to case law so, among other things, Defendants can have a chance to review and contest the holdings of those cases as applied to this case, locate opposing authority and so the Court has sufficient basis for its ruling.

The allegations pose many hurdles for Plaintiff even at this early stage. Plaintiff will need to plead adequate facts to show that simple use of the code by accessing it constitutes copying. Moreover, the Plaintiff will need to adequately plead how the code itself is transmitted over the internet or some details about the transmission, such as which Defendant engaged in the transmission, when such transmission took place, to whom, etc.

Defendants notes in his claims that the code generates code. The generated code would not be part of the copyright but would be uncopyrighted output. This would be similar to the fact that, for example, an auto manufacturing company bringing action against another auto manufacturing company for violating its intellectual property rights in robotic technology used in its plant, would have no viable claim that the autos produced were part of that technology violation.

The allegations of the activities of what Defendants "must" do are conclusory, are not plead, and are unsubstantiated by case law.

Further, the allegations of use are generic and nothing to which any individual Defendant can respond. However, even if true, they amount to nothing more than use of the code (voluntarily placed on VSI servers), not copying the code, as Defendant suggests.

If cases are brought to the attention of the Court or the Defendants after the filing of this reply brief, Defendants request leave to review such cases and present discussion or opposing authority.

### 2. NO ALLEGATIONS AGAINST INDIVIDUAL DEFENDANTS

Plaintiff makes no specific allegations against the individual Defendants in their individual capacities to which they can respond. To the contrary, Plaintiff pleads that the individual Defendants were acting in their agency capacities such that they would not be personally liable. See for example First Amended Complaint P4¶g "Defendant Versimart Software, Inc. . . . is using the other Defendants (James Garvey, Carl Raff, Joe Dawson, and Andy Thoren) in either employee or contractor relationships to circumvent demand to terminate usage. Moreover, with regard to Defendant Thoren, the sole allegation is alter ego, with no fact of any kind plead to establish this claim. And, of course, this does not make him directly liable for infringement.

### 3. INSUFFICIENT IDENTIFICATION OF COPYRIGHTS.

Plaintiff only describes the alleged copyrighted material by a name and a generic expression of its function. However, if actually copyrighted, the copyright only protects the specific expression of the idea, not the idea itself. Because Plaintiff identifies the code by generic name rather than provide a copyright number, or attach a certificate of copyright, or attach the specific code involved as an exhibit and because copyright law does not bar Defendants from using other code with the same functionality, it does not sufficiently allege which copyrights, if any, have been infringed. See *Universal Surface Technology, Inc. v. Sae-A Trading America Corp 2011 WL 281020, *6 (C.D. Cal January 26, 2011)*.

### B. COGNITIVELOGIC ISSUES

#### 1. PLAINTIFF OFFERS NO RESPONSE TO HIS OWN ADMISSION THAT HE POSSESSES ALL COPIES OF THE COGNITIVELOGIC CODE.

Plaintiff pleads that he took full possession of all CognitiveLogic Code when he left the VSI. He now admits that his own pleading contradicts critical allegations necessary to prove his case. *Now he calls his own pleading "absurd."* No matter what he pleads after that, he can never overcome his own pleading. Defendants cannot infringe on something which *Plaintiff pleads* they do not possess. End of Copyright infringement claim regarding CognitiveLogic.

#### 2. THE APPENDIX IS HELPFUL TO THE COURT AND THE PLAINTIFF: IT CONFIRMS THE SOFTWARE IS NOT COPYRIGHTED.

The Exhibit attached by the Plaintiff is indeed very helpful to this Court, the Superior Court and the Defendants. It constitutes an admission by the Plaintiff that the CognitiveLogic software is not copyrighted.

#### 3. THE ALLEGATIONS ARE TOO VAGUE, AS, AMONG OTHER THINGS, THEY DO NOT CONFIRM THE COPYRIGHTED MATERIAL.

### C. vCONTENT ALLEGATIONS

Preliminary note. It looks like the outlining was not complete in the Points and Authorities. At P5L17, there should have been a Section D, which should have read vContent. The action Section D should have been Section E.

#### 1. ARGUMENTS OF PLAINTIFF DIFFER FROM THE PLEADINGS, MAKING THEM INCAPABLE OF BEING UNDERSTOOD.

Plaintiff now seems to argue something different than appears from his pleadings. He seems to be taking the position that the contract at issue was related to *source* code not presumably

object code which Pitt installed on the servers *without condition*. At this juncture, he seems to be arguing that Defendants are infringing on a copyright regarding software which was never delivered. See Opposition P14L20 "Defendants have bypassed the need for contract law because Software has not been delivered." Defendants need to have a clearer understanding through pleadings of just what the Plaintiff claims. The snippet of the skype conversation shows agreement to *something*.

### 2. PLAINTIFF ADMITS PITT BREACHED FIDUCIARY DUTIES

Plaintiff states "Pitt acted correctly in not holding VSI to ransom and totally disrupting the business of VSI by withdrawing his software from use pending negotiation and execution of the agreements." Opposition P14L15 et seq. By extension then, Plaintiff argues that to do so would be wrong, or rather, in legal terms, a breach of his fiduciary duties as an officer of VSI. But this is *exactly* what Pitt did. He purportedly transferred the rights to the software to someone he *knew would sue the company and hold it for ransom*. He had many other less damaging options, if he felt the rest of management incompetent, including, but not limited to:

(a) if he felt he had the right, negotiating a license for other than options.

(b) negotiating a non exclusive license;

(c) licensing the software to third parties, including plaintiff.

What Pitt did was transfer all of the rights to the software

### 3. PLAINTIFF FAILS TO ARGUE AGAINST APPLICATION OF CLEAN HANDS

The argument of Plaintiff to the application of the Clean Hands doctrine seems to be only that the Defendants lack clean hands. This misapplies the doctrine. It is the plaintiff who must come to court with clean hands which he does not.

### D. vSim Allegations

#### 1. Ample Alternative Consideration

Plaintiff claims that he owned 100% of VSI at the time of entering into the SLA. Accordingly, his ownership interest in the entity to which the software was being transferred and ability to increase the value of his 100% ownership in that entity would be ample consideration for the transfer, thus providing a satisfactory explanation for the royalty free nature of the license.

#### 2. The SLA permits use of vSim, even after breach.

The SLA permits use of vSim even after breach. In relevant part, Section 7.4, Effect of Termination, provides as follows:

> In the event of termination by the Company, pursuant to Section 7.3, the Company shall have the right, but not the obligation, to immediately recover from Licensee an amount equal to the Transfer Fee (b) plus any late fees; (c) less the aggregate License Fees received by the Company during the Term . . . In addition as a remedy for exclusivity provided to the Licensee by the Company and lost opportunity related thereto, Company shall have a worldwide, royalty free, assignable, perpetual, and irrevocable right and license to use, execute, reproduce, display, perform, sublicense, distribute, and modify an Licensee derivative works . . .

Against this plain English, the reply of the Plaintiff is "it does not." He offers no alternative interpretation, cites no conflicting provisions of the contract and no case law authority.

#### 3. The Assignment Clause restricts assignment

Because the assignment clause restricts assignment to only one condition, it should be

-7-
CV 113766 LB                REPLY IN SUPPORT OF
                            MOTION TO DISMISS

interpreted to bar assignments on any other condition. To hold otherwise makes the restriction meaningless. Plaintiff offers a specious interpretation of a clause which he drafted while controlling both parties. The only reason to put that clause in was to restrict the ability of OLLC to assign its rights pursuant to the express provisions of the clause.

## V. CONCLUSION

For the foregoing reasons and reasons stated in the original points and authorities, the motion should be granted.

Respectfully submitted,

Dated: January 23, 2012                    MY GENERAL COUNSEL GROUP



*/s/ Michael Prozan*

Michael W. Prozan

Attorney for Defendants
VERISMART SOFTWARE, INC., PHILLIP
THOREN, JAMES GARVEY, ANDY
THOREN, and JOE DAWSON,

TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................2

II. WHAT IS NOT HAPPENING .........................................................................................2

III. SUMMARY OF OPPOSITION BRIEF ..........................................................................2

    A. Issues Common to CognitiveLogic, vContent and vSim ..................................................3

        1. Failure to allege infringing activity. ..............................................................................3

        2. No Allegations against individual Defendants ............................................................4

        3. Insufficient Identification of copyrights. ......................................................................4

    B. CognitiveLogic Issues .......................................................................................................5

        1. Plaintiff offers no response to his own admission that he possesses all copies of the CognitiveLogic Code. ..............................................................................................5

        2. The Appendix Is Helpful to the Court and the Plaintiff: it confirms the software is not copyrighted. ......................................................................................................5

        3. The allegations are too vague, as, among other things, they do not confirm the copyrighted material. .........................................................................................5

    C. vContent Allegations .........................................................................................................5

        1. Arguments of Plaintiff differ from the Pleadings, making them incapable of being understood. ............................................................................................................5

        2. Plaintiff admits Pitt breached fiduciary duties ..............................................................6

        3. Plaintiff Fails to Argue Against Application of Clean Hands ......................................6

    D. vSim Allegations ...............................................................................................................7

        1. Ample Alternative Consideration .................................................................................7

        2. The SLA permits use of vSim, even after breach. ........................................................7

        3. The Assignment Clause restricts assignment ...............................................................7

V. CONCLUSION .................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Universal Surface Technology, Inc. v. Sae-A Trading America Corp* 2011 WL 281020, *6 (C.D. Cal January 26, 2011) ................................................................................................................................................4