UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| FLETCHER CARSON, | No. C 11-03766 LB |
| Plaintiff, | **ORDER DENYING PRELIMINARY INJUNCTION** |
| v. | |
| VERISMART SOFTWARE, *et al.*, | [ECF No. 26] |
| Defendants. | |

## I. INTRODUCTION

On January 7, 2012, *pro se* Plaintiff Fletcher Carson filed a motion for a restraining order and an order to show cause why a preliminary injunction should not issue against Defendants Verismart Software, Inc., Joe Dawson, James Garvey, Carl Raff, Andy Thoren, and Phillip Thoren on Carson's copyright infringement claims. ECF No. 26 at 1.[1] In the motion, Carson requested that the court hear the matter no later than February 16, 2012. *Id.* at 3. The court determined that judicial resources were best employed by hearing Carson's motion – which given the requested timing appears to be one for a preliminary injunction – at the same time as the motions to dismiss filed by Defendants. Defendants Verismart, Dawson, Garvey, Andy Thoren, and Phillip Thoren filed an opposition to Carson's motion on January 26, 2012. Verismart Opposition, ECF No. 51 at 1. On the same day, Defendant Raff filed an opposition brief. Raff Opposition, ECF No. 53 at 1. Having

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-03766 LB
ORDER

heard the parties' arguments, the court now denies Carson's motion for a preliminary injunction because he did not establish irreparable harm.

## II. BACKGROUND FACTS

Carson alleges that Defendants infringed on his copyrights for three pieces of software. First Amended Complaint, ECF No. 11 at 1. Specifically, Carson alleges that he is the author of the CognitiveLogic code and that it is copyrighted and registered with the U.S. Copyright Office. First Amended Complaint, ECF No. 11 at 3. Carson also states that he purchased the software known as vContent from its sole author on May 15, 2011, and that this software also is copyrighted and registered with the U.S. Copyright Office. *Id.* at 5. Carson further claims that all vSim software and documents required to enforce Verismart's licensing agreement of vSim were assigned to him. *Id.* at 7. The vSim software allegedly is copyrighted and registered with the U.S. Copyright Office. *Id.* at 8. Carson alleges that Defendants are using the software by hosting, using, and offering for sale, products and services which require the infringed software. *Id.* at 4,5, 7. Carson further alleges that Defendants are attempting to reverse engineer the CognitiveLogic and vSim codes. *Id.* at 4, 7.

Defendants have filed motions to dismiss. ECF Nos. 20 and 45.

## III. LEGAL STANDARDS

A temporary restraining order preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary injunction application. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 429 (1974). A temporary restraining order is an "extraordinary remedy" that the court should award only when a plaintiff makes a clear showing that it is entitled to such relief. *See Winter v. Natural Res. Defense Council, Inc.*, 129 S. Ct. 365, 376 (2008). A temporary restraining order may be issued without providing the opposing party an opportunity to be heard only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The standards for a temporary restraining order and a preliminary injunction are the same. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable

1  harm that would result if an injunction were not issued, (3) the balance of equities tips in favor of the
2  plaintiff, and (4) an injunction is in the public interest. *See Winter*, 129 S. Ct. at 376. The
3  irreparable injury must be both likely and immediate. *See id.* at 374-75; *Carribean Marine Services
4  Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("a plaintiff must demonstrate immediate
5  threatened injury as a prerequisite to preliminary injunctive relief").

6  Prior to *Winter*, the Ninth Circuit employed a "sliding scale" test that allowed a plaintiff to prove
7  either "(1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) [ ]
8  serious questions going to the merits were raised and the balance of hardships tips sharply in its
9  favor." *See Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999) (citation omitted). In
10 this continuum, "the greater the relative hardship to [a plaintiff], the less probability of success must
11 be shown." *Id.* Following *Winter*, the Ninth Circuit held that although the Supreme Court
12 invalidated the sliding scale approach, the "serious questions" prong of the sliding scale survived so
13 long as the plaintiff satisfied the other elements for preliminary relief. *Alliance for Wild Rockies v.
14 Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Thus, a preliminary injunction may be appropriate
15 when a plaintiff raises "serious questions going to the merits" of the case and the "balance of
16 hardships tips sharply in the plaintiff's favor," provided that the other elements for relief are also
17 satisfied. *Id.* at 1132.

18 Injunctive relief may be ordered in computer software copyright infringement actions. *See, e.g.,
19 Apple Computer Inc v Formula International Inc*, 725 F.2d 521 (9th Cir. 1984).

20 **IV. DISCUSSION**

21 **A. Procedural Issues**

22 Defendants argue that Carson's motion should be denied because the notice failed to state the
23 date, time, and place of the hearing. Verismart Opposition, ECF No. 51 at 7. But the motion was
24 filed on January 7, 2012, and the court initially set the hearing for February 16, 2012, giving
25 Defendants ample notice. Additionally, Carson is proceeding without the benefit of counsel,
26 requiring the court to liberally construe his pleadings. *See generally Weilburg v. Shapiro*, 488 F.3d
27 1202, 1205 (9th Cir. 2007).

28 Defendants also argue that the motion should fail because it lacks admissible evidence.

Verismart Opposition, ECF No. 51 at 7; Raff Opposition, ECF No. 53 at 9. But, given the time-sensitive nature of preliminary injunctive relief, the trial court has discretion to consider inadmissible evidence. *See Flynt Distrib. Co., Inc. v. Harvey*, 734 F2d 1389, 1394 (9th Cir. 1984) ("The trial court may give even inadmissible evidence some weight when to do so serves the purpose of preventing irreparable harm before trial.").

**B. Whether Plaintiff Has Established the Likelihood of Success or Serious Questions Going to the Merits**

To state a *prima facie* claim for copyright infringement pursuant to 17 U.S.C. § 501, the plaintiff must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). To state a claim of direct copyright infringement, the plaintiff must allege that he or she owns the copyright and that the defendant directly violated one or more of the plaintiff's exclusive rights under the Copyright Act. *Id.* A defendant may also be liable for contributory infringement where he or she knowingly induces, causes or materially contributes to the infringing conduct of another. *Id.* And a defendant may be vicariously liable for copyright infringement if he or she enjoys a direct financial benefit from another's infringing activity and has the right and ability to supervise the infringing activity. *Id.*

**1. Whether Carson Established His Ownership of a Valid Copyright**

Copyright ownership vests initially in the author of the work. 17 U.S.C.A. § 201(a). Ownership of a copyright may be transferred. *Id.* at § 201(d). And an exclusive licensee of a copyright may enforce a copyright. *Sybersound Records v. UAV Corp.*, 517 F.3d 1137, 1144 (9th Cir. 2008).

Here, Carson alleges that he is the author of the CognitiveLogic code and that it is copyrighted and registered with the U.S. Copyright Office. First Amended Complaint, ECF No. 11 at 3. Carson also states that he purchased the software known as vContent from its sole author on May 15, 2011, and that this software also is copyrighted and registered with the U.S. Copyright Office. *Id.* at 5. Carson further claims that all vSim software and documents required to enforce Verismart's licensing agreement of vSim were assigned to him. *Id.* at 7. The vSim software allegedly is copyrighted and registered with the U.S. Copyright Office. *Id.* at 8.

Defendants claim that Carson does not provide any evidentiary foundation for his claims that the software code at issue has been copyrighted and registered. Verismart Opposition, ECF No. 51 at 8; Raff Opposition, ECF No. 53 at 8.

Registration of a copyright is not required for federal copyright protection. *Hagendorf v. Brown*, 707 F.2d 1018, 1019 (9th Cir. 1983). It is, however, a prerequisite to a copyright suit. *Id.*; 17 U.S.C. § 411(a). In his reply briefs, Carson confirms that the copyrights were registered and he provides the registration numbers. *See, e.g.,* ECF No. 73 at 2. And, even if Carson had not provided the registration numbers, unlike *Universal Surface Technology, Inc. v. Sae-A Trading America Corp.*, No. CV 10-6972 CAS (PJWx), 2011 WL 281020 (C.D. Cal. Jan. 26, 2011), in this case, there is no material risk of confusion as to which software is at issue**.**

Raff also argues that Carson has not established that he has standing to sue because the allegations in the first amended complaint allegedly contains inconsistencies as to Carson's relationship and roles with Verismart. Raff Opposition, ECF No. 53 at 4-5. But Carson clearly alleges his authorship and/or ownership over the copyrights. This case is not like *Universal Surface Technology, Inc. v. Sae-A Trading America Corp.*, No. CV 10-6972 CAS (PJWx), 2011 WL 281020 (C.D. Cal. Jan. 26, 2011), in which the plaintiff alternately alleged that he was licensee and assignee of a third party. 2011 WL 281020, at *6.

**2. Whether Carson Established that Defendants Violated his Exclusive Rights**

Amongst other things, the Copyright Act grants copyright owners the exclusive right:

(1) to reproduce the copyrighted work in copies or phonorecords;

(2) to prepare derivative works based upon the copyrighted work; [and]

(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.

17 U.S.C. § 106.

Defendants claim that Carson fails to allege that they violated the exclusive rights of the copyright owner based on their contention that "using" the copyrighted works does not in and of itself constitute infringement. Verismart Opposition, ECF No. 51 at 9; Raff Opposition, ECF No. 53 at 9-10.

In *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511 (9th Cir. 1993), the Ninth Circuit held that transferring a computer program from a permanent storage device into a computer's random access memory constitutes creating a fixed copy for purposes of copyright infringement. 991 F.2d at 519; *see also DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1148 (N.D. Cal. 2010); *Airframe Systems, Inc. v. Raytheon Co.*, 520 F. Supp. 2d 258, 267 (D. Mass. 2007) ("With regard to software, an act of copying sufficient to violate the Copyright Act occurs each time the software is run.").

Here, Carson claims that Defendants host, use, and offer for sale, products and services which require the infringed software. First Amended Complaint, ECF No. 11 at 4, 5, 7. This suggests that they are copied into the RAM on Verismart's computers. However, in Verismart's motion to dismiss, they claim that CognitiveLogic, vContent, and presumably vSim are not copied but run from a host location where they were placed by Carson. Verismart Motion to Dismiss, ECF No. 20 at 12,13, 18. But, in his opposition to the motion to dismiss, Carson explains that the activities necessary to execute, and maintain code require it to be moved, copies loaded into memory, and copies sent out over the internet. Carson Opposition, ECF No. 46 at 16. At the hearing, the court brought up these issues. The parties did not challenge the court's understanding that the software must be copied from a storage device into the RAM when they are run.

Raff also argues that Carson's claims of copyright infringement should be dismissed with prejudice for failure to state a claim because the first amended complaint does not identify Raff's specific actions that constitute infringement. Raff Opposition, ECF No. 53 at 10. But any injunction applied to Verismart would also apply to its employees and agents.

**3. Whether Carson's Request is Barred by *Res Judicata***

Raff generally argues that Carson's request is barred by *res judicata*. Under the doctrine of *res judicata*, a final judgment on the merits only precludes the parties from re-litigating issues that were raised or could have been raised in that action. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321-22 (9th Cir. 1988). But the Ninth Circuit has held that a state judgment cannot, under this doctrine, preclude litigating copyright claims because the state courts do not have jurisdiction to hear copyright claims, which fall under the federal courts' exclusive jurisdiction. *Armdap, Inc. v. Coast Business Systems,*

*Inc.*, 188 F.3d 512 (9th Cir. 1999). Also, the determination as to whether court shall grant preliminary injunctive relief in state cases involving the same business operations but different claims – such as misappropriation of trade secrets or conversion – does not establish *res judicata*.

## C. **Whether the Balance of Hardships Tips in Favor of the Plaintiff and/or Whether Plaintiff Faces Irreparable Harm**

Carson claims that the balance of hardships tips in his favor because his alleged right to confidentiality with respect to the copyrighted source code will be extinguished and Defendants have no revenue or funding that will be disrupted. Plaintiff's Brief, ECF No. 27 at 10-11. He relies on the former assertion to argue that he will suffer irreparable harm. *Id.* at 10. He also argues that he will suffer damages from consumer perception in the marketplace and a decreased ability to interact with funding sources. Plaintiff's Reply, ECF No. 73 at 4.

Defendants counter that the publication of the software does not constitute irreparable harm because the copyright protections are designed to permit copyright owners to publicize their works and any injury can be compensated by money. Verismart Opposition, ECF No. 51 at 9; Raff Opposition, ECF No. 53 at 10-12. Raff points out that Carson sought approximately $90,000 in his first amended complaint. Raff Opposition, ECF No. 53 at 11. Additionally, Raff observes that Carson did not seek injunctive relief until months after filing the case and that Defendants' continued alleged infringement might actually benefit Carson by increasing the amount for which they might be liable. *Id.* at 11-12. Defendants also argue that the requested relief is excessive because it would bar them from using the copyright righted material, which they allege exceeds the relief that Carson could get at trial and which might bar Defendants from using the software to defend themselves in this action. Verismart Opposition, ECF No. 51 at 10.

As to the balance of equities, Defendants claim that it tips in their favor because the requested relief would stop their work, which they have been doing for years, and would only require Carson to wait until he proves his case to collect monetary damages. *Id.* Defendants further claim that Carson admits that he is not damaged by any alleged infringement because Defendants have not had any revenue since Carson terminated his relationship with them. *Id.* Raff also argues that granting an injunction would upset the status quo because it would stop Verismart from using the software as

they have been doing for years. Raff Opposition, ECF No. 53 at 8-9.

Courts may no longer apply a presumption of irreparable harm when evaluating whether to grant a preliminary injunction in a case based on copyright infringement. *See Flexible Lifeline Systems, Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 998 (9th Cir. 2011). But lost economic value of previously confidential proprietary information and the risk of consumer confusion have been found to constitute irreparable harm in similar circumstances. *See, e.g., Berster Technologies, LLC v. Christmas*, Civ. No. S–11–1541 KJM JFM, 2012 WL 33031, at *10-11 (E.D. Cal. Jan. 6, 2012). And, as to the balance of equities, a defendant who knowingly infringes another's copyright cannot complain of the harm that will befall it if it is ordered to cease its infringing activities. *Cadence Design Systems, Inc. v. Avant! Corp.*, 125 F.3d 824, 829 (9th Cir. 1997).

In their papers, Defendants made statements from which the court inferred that Defendants were attempting to reverse engineer the software and develop a competing product. Under this view, absent an injunction, Defendants might be able to release a competing, potentially infringing product that reduces the economic value of the previously confidential proprietary information and risks consumer confusion. But, at the hearing, Defendants stated that they were not using the software. Carson then agreed that a preliminary injunction was not necessary. Taking into account all of the circumstances, including the extraordinary nature of a preliminary injunction and the issues surrounding the likelihood of irreparable harm, the court finds that a preliminary injunction is not appropriate.

**D. Whether the Injunction is in the Public Interest**

Neither Carson's brief nor the Verismart opposition discusses whether the requested injunction is in the public interest. Raff argues that Carson's failure to discuss this element is fatal. Raff Opposition, ECF No. 53 at 13. The court, however, observes that the public interest is served by an injunction that upholds copyright protections and prevents the misappropriation of skills, creative energies, and resources which are invested in the protected work. *See Cadence Design Systems, Inc.*, 125 F.3d at 829. However, the court need not reach the issue having found that Carson did not establish the likelihood of irreparable harm.

///

## V.  CONCLUSION

For the foregoing reasons, the court **DENIES** Carson's motion for a preliminary injunction. This disposes of ECF No. 26.

**IT IS SO ORDERED.**

Dated: March 27, 2012

LAUREL BEELER
United States Magistrate Judge

Case3:11-cv-03766-LB Document87 Filed03/27/12 Page10 of 10