UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| FLETCHER CARSON, | No. C 11-03766 LB |
| Plaintiff, | **ORDER DENYING, IN PART, AND GRANTING, IN PART, VERISMART DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| VERISMART SOFTWARE, *et al.*, | |
| Defendants. | [ECF No. 20] |

## I. INTRODUCTION

On October 24, 2011, *pro se* Plaintiff Fletcher Carson filed an amended complaint, which alleges three copyright infringement claims against Defendants Verismart Software, Inc., Joe Dawson, James Garvey, Carl Raff, Andy Thoren, and Phillip Thoren. ECF No. 11 at 1.[1] Defendants Verismart, Dawson, Garvey, Andy Thoren, and Phillip Thoren (collectively, "Verismart Defendants") filed an opposition on January 5, 2012. Verismart Motion to Dismiss, ECF No. 20 at 1. The court denies the motion as to Verismart Software, Inc. and Phillip Thoren. The court grants the motion with leave to amend as to the individual defendants.

## II. BACKGROUND FACTS

Carson alleges that Defendants infringed on his copyrights for three pieces of software. First Amended Complaint, ECF No. 11 at 1. Specifically, Carson alleges that he is the author of the

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

UNITED STATES DISTRICT COURT
For the Northern District of California

1  CognitiveLogic code and that it is copyrighted and registered with the U.S. Copyright Office. First
2  Amended Complaint, ECF No. 11 at 3. Carson also states that he purchased the software known as
3  vContent from its sole author on May 15, 2011, and that this software also is copyrighted and
4  registered with the U.S. Copyright Office. *Id.* at 5. Carson further claims that all vSim software and
5  documents required to enforce Verismart's licensing agreement of vSim were assigned to him. *Id.* at
6  7. The vSim software allegedly is copyrighted and registered with the U.S. Copyright Office. *Id.* at
7  8. Carson alleges that Defendants are using the software by hosting, using, and offering for sale,
8  products and services which require the infringed software. *Id.* at 4,5, 7. Carson further alleges that
9  Defendants are attempting to reverse engineer the CognitiveLogic and vSim codes. *Id.* at 4, 7.

### III. LEGAL STANDARDS

**A. Motion to Dismiss**

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other

facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

### B. Copyright Infringement Claim

To state a claim for copyright infringement, Carson must allege that (1) he owns a work protected by the Copyright Act and (2) Defendants violated one or more of his exclusive rights under the Copyright Act. *See Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). In relevant part, the Copyright Act grants copyright owners the exclusive right:

> (1) to reproduce the copyrighted work in copies or phonorecords;
>
> (2) to prepare derivative works based upon the copyrighted work; [and]
>
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.

17 U.S.C. § 106.

## IV. DISCUSSION

### A. Procedural Issues

As initial matter, the court observes that Verismart Defendants' brief in support of their motion to dismiss does not comply with the local rules. The district's civil local rules require computer-printed text to be submitted in type no smaller than 12-point standard font. N.D. Cal. Civ. L.R. 3-4(c)2). The text in Verismart Defendants' initial brief appears to be 11.5-point Times New Roman. Verismart Defendants are warned that the court may summarily deny any future submissions that fail to comply with the local rules.

Additionally, Versimart Defendants' reply brief has technical flaws. First, the reply brief – just like the initial brief – was submitted in non-conforming type. Second, the reply brief admits to introducing a new argument in the reply. Verismart Reply, ECF No. 47 at 2. Arguments raised for the first time in a reply are improper. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1417 n. 12 (9th Cir. 1990).[2]

---

[2] In the reply brief, Verismart Defendants argue that Carson did not adequately identify the copyrights at issue. Verismart Defendants Reply, ECF No. 47 at 4. Even if the court were to address the substance of Verismart Defendants' argument, they would still lose. In Carson's reply

**B. <u>Whether Carson States a Claim for a Copyright Violation of CognitiveLogic</u>**

First, Verismart Defendants argue that Carson's pleadings are inconsistent because he pleads that he took possession of all of the code that he authored and, therefore, Defendants do not possess the copyrighted material and could not infringe on his copyright of CognitiveLogic. ECF No. 20 at 9-10. This argument is not persuasive given the clear thrust of Carson's complaint. Verismart Defendants also contend that Carson admits that his CognitiveLogic software does not qualify for a copyright claim based on a strained inference from one of his exhibits. *Id.* at 10. But this inference is unreasonable and is unsupported by any analysis or authority.

More substantively, Verismart Defendants argue Carson cannot allege that they copied the software. *Id.* at 10-11. To this, Verismart Defendants claim that Carson's allegations establish that only he placed the software onto their servers. *Id.* Versimart Defendants also assert that they are permitted to host, use, and attempt to re-engineer the code. *Id.* at 10-12.

In *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511 (9th Cir. 1993), the Ninth Circuit held that transferring a computer program from a permanent storage device into a computer's random access memory constitutes creating a fixed copy for purposes of copyright infringement. 991 F.2d at 519; *see also DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1148 (N.D. Cal. 2010); *Airframe Systems, Inc. v. Raytheon Co.*, 520 F. Supp. 2d 258, 267 (D. Mass. 2007) ("With regard to software, an act of copying sufficient to violate the Copyright Act occurs each time the software is run.").

Here, Carson claims that Defendants host, use, and offer for sale, products and services which require the infringed software. First Amended Complaint, ECF No. 11 at 4, 5, 7. The reasonable inference is that they are copied into the RAM on Verismart's computers. However, in Verismart's motion to dismiss, they claim that CognitiveLogic, vContent, and presumably vSim are not copied but run from a host location where they were placed by Carson. Verismart Motion to Dismiss, ECF No. 20 at 12,13, 18. But, in his opposition to the motion to dismiss, Carson explains that the

---

brief supporting his motion for a preliminary injunction, he confirms that the copyrights were registered and he provides the registration numbers. ECF No. 73 at 2. And, fundamentally, the court finds that there is no material risk of confusion as to which code is at issue.

activities necessary to execute, and maintain code require it to be moved, copies loaded into memory, and copies sent out over the internet. Carson Opposition, ECF No. 46 at 16. Given its understanding that the code must be loaded into memory to be used and taking Carson's pleadings as true, the court concludes that Carson adequately alleges copying.

Additionally, Verismart Defendants's "fair use" argument is an affirmative defense. *Cf. Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Management, Inc.*, 618 F.3d 1025, 1031 (9th Cir. 2010) (observing that "fair use" is an affirmative defense in trademark infringement case). For a complaint to be dismissed because the allegations give rise to an affirmative defense, the defense must clearly appear on the face of the pleading. *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990). And the defenses may not raise disputed issues of fact. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). Here, Versimart Defendants do not discuss any of the elements of the "fair use" affirmative defense and their conclusory assertions cannot defeat Carson's allegations on a motion to dismiss.

Furthermore, Verismart Defendants provide virtually no case law for their propositions. And the cited cases stand for very general propositions that are not clearly linked to the facts in this case. In effect, Verismart Defendants appear to be throwing as much as they can against the wall as possible in the hopes that something will stick. But "[i]t is not the court's duty to do Defendant's legal research." *Blankenship v. Cox*, No. 3:05-CV-00357-RAM, 2007 WL 844891, at *12 (D.Nev. Mar. 19, 2007); *cf. Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531 (9th Cir. 1986) (discussing lawyers' obligations in Rule 11 appeal).

Given these factors, the court finds that Carson adequately states a copyright infringement claim as to CognitiveLogic.

### C. Whether Carson States a Claim for a Copyright Violation of vContent

Verismart Defendants repeat their argument regarding "copying" to support their assertion that Carson fails to state a claim for a copyright violation of vContent. Verismart Motion, ECF No. 20 at 12-13. For the reasons discussed above, the court rejects Verismart Defendants' argument.

Versimart Defendants also claim that Carson's complaint and exhibits demonstrate that the original owner of vContent had a contract to sell the software to Versimart, Carson has unclean

hands, the original owner of the software breached his fiduciary duty to Verismart, and Carson tortiously interfered with Verismart's prospective economic advantage. *Id.* at 14-17. Here, again, Verismart Defendants raise affirmative defenses that are not obvious from the face of the pleadings and that rely on disputed issues of fact. Accordingly, Verismart Defendants fail to meet their burden and their motion is denied as to Carson's claim for a copyright infringement of the vContent software.

### D. **Whether Carson States a Claim for a Copyright Violation of vSim**

Verismart Defendants repeat their argument regarding "copying" to support their assertion that Carson fails to state a claim for a copyright violation of vSim. Verismart Motion, ECF No. 20 at 18-19. For the reasons discussed above, the court rejects Verismart Defendants' argument

Additionally, Verismart Defendants argue that they did not breach the licensing agreement for vSim. First, Verismart Defendants claim that the agreement explicitly states that it is royalty-free and that the "licensing fee" payments called for in the agreement, which purportedly are substantially similar to royalties, are therefore impermissible. *Id.* at 19-20. The court rejects Verismart Defendants' arguments. The agreement calls for a licensing fee. It defines licensing fee as a distinct term. Accordingly, upon this record and for the purposes of this motion, the court does not construe the licensing fee as a royalty. *See generally Board of Trustees of Leland Stanford Junior University v. Roche Molecular Systems*, 487 F.Supp.2d 1099, 1122 n.12 (N.D. Cal. 2007) (interpreting contract terms to avoid making them superfluous). Second, to the extent that the agreement could be interpreted as containing an inconsistency with regard to the licensing fee obligation and disclaiming of royalties, Verismart Defendants' proposed construction – that the court should construe the agreement as not calling for payment – is not facially reasonable. *See generally County of Humboldt v. McKee*, 165 Cal.App.4th 1476, 1498 (2008) ("[T]he court shall avoid an interpretation which will make a contract extraordinary, harsh, unjust, inequitable or which would result in absurdity.").

Versimart Defendants also claim that, under its term, termination of the agreement for breach of its payment terms does not terminate the license granted to Verismart. Verismart Motion, ECF No. 20 at 20. But the quoted language from the agreement does not establish that Verismart may

1 continue to use the software after the agreement is terminated. And Versimart Defendants provide
2 no analysis or authorities that suggest that they may lawfully use the software once the agreement,
3 which granted them the right to use the software, has been terminated. *See generally Rano v. Sipa*
4 *Press, Inc.*, 987 F.2d 580, 586 (9th Cir. 1993) ("After the agreement is terminated, any further
5 distribution would constitute copyright infringement.").

6 Finally, Verismart Defendants contend that Carson does not have standing because the copyright
7 holder could not assign its rights under the agreement. Verismart Motion, ECF No. 20 at 21.
8 Versimart Defendants do not provide citations for their propositions regarding the motivations
9 regarding the assignment nor any legal authorities for their conclusions. And, to the extent that
10 Verismart Defendants are arguing that Carson and the original copyright holder breached the
11 agreement, this appears to be an affirmative defense that is not obvious from the pleadings and raises
12 factual issues.

### E. Whether Carson Alleges Claims with Sufficient Specificity Against the Individuals

14 Verismart Defendants argue that the allegations against the individual defendants are too vague
15 and conclusory to state a claim. Verismart Motion, ECF No. 20 at 21-23.

16 Carson's responds that the individuals "are defined in their roles as shareholders, officers, and
17 facilitators of the illegal activities related to the breach and conversion." Opposition, ECF No. 46 at
18 20. Carson, however, does not explain what these roles were. He further states that "alter ego and
19 tortious conduct were all added into the Superior Court causes of action to further articulate and
20 perfect the complaints after the judge gave Plaintiff Leave to Amend." *Id.* This is non-responsive
21 given that this is not the superior court case and adding claims does not do anything to specifically
22 identify the allegedly infringing actions of any of the defendants. Carson further states that he has
23 described the Verismart Defendants' communicating about the actions they are taking and about
24 obtaining copies of the source code. *Id.* at 20-21. But Carson does not explain what these actions
25 are and does not, in fact, describe any such actions in the first amended complaint.

26 As discussed above, in the first amended complaint, Carson claims that Defendants host, use,
27 and offer for sale, products and services which require the infringed software. First Amended
28 Complaint, ECF No. 11 at 4, 5, 7. And, as against Verismart, this is sufficient to state a claim for

C 11-03766 LB
ORDER   7

1 infringement. But these allegations alone do not provide clear notice as to what each individual
2 defendant is accused of.

3 Still, corporate officers, shareholders, and employees may be held personally liable for the
4 corporation's copyright infringements when they are a "moving, active conscious force behind the
5 corporation's infringement," regardless as to whether they are aware that their acts will result in
6 infringement. *Adobe Systems Inc. v. Childers*, No. 5:10-cv-03571-JF/HRL, 2011 WL 566812, *7
7 (N.D. Cal. Feb. 14, 2011); *Novel, Inc. v. Unicom Sales, Inc.*, No. C-03-2785 MMC, 2004 WL
8 1839117, at *17 (N.D. Cal. Aug.17, 2004). Here, Verismart is described as the alter-ego of
9 Defendant Phillip Thoren. *Id.* at 4, 5. This suggests that Phillip Thoren controls the company and
10 has a financial stake in its actions. The other individual defendants are described as having either
11 "employee or contractor relationships." *Id.* This does not permit a reasonable inference that the
12 other individual defendants were the moving forces behind the alleged infringement.

13 Given the factors discussed above, the court determines that Carson fails to state a claim against
14 the individual defendants with the exception of Phillip Thoren.

## V. CONCLUSION

16 For the foregoing reasons, the court **DENIES** Verismart Defendants' motion as to Verismart and
17 Phillip Thoren. The court **GRANTS** the motion as to Joe Dawson, James Garvey, and Andy
18 Thoren. If Carson can correct these deficiencies by alleging what actions each individual defendant
19 took that violated one or more of his exclusive rights under the Copyright Act, he may file an
20 amended complaint within fourteen days of this order.

21 This disposes of ECF No. 20.

22 **IT IS SO ORDERED.**

23 Dated: March 27, 2012

24 LAUREL BEELER
United States Magistrate Judge