UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| FLETCHER CARSON, | No. C 11-03766 LB |
| Plaintiff, | **ORDER GRANTING DEFENDANT CARL RAFF'S MOTION TO DISMISS** |
| v. | |
| VERISMART SOFTWARE, *et al.*, | [ECF No. 45] |
| Defendants. | |

## I. INTRODUCTION

On October 24, 2011, *pro se* Plaintiff Fletcher Carson filed an amended complaint, which alleges three copyright infringement claims against Defendants Verismart Software, Inc., Joe Dawson, James Garvey, Carl Raff, Andy Thoren, and Phillip Thoren. ECF No. 11 at 1.[1] On January 19, 2012, Defendant Raff filed a motion to dismiss. Raff Motion to Dismiss, ECF No. 45 at 1. The court grants the motion with leave to amend because Carson did not identify Raff's allegedly infringing acts with sufficient specificity to put Raff on notice of the claims.

## II. BACKGROUND FACTS

Carson alleges that Defendants infringed on his copyrights for three pieces of software. First Amended Complaint, ECF No. 11 at 1. Specifically, Carson alleges that he is the author of the CognitiveLogic code and that it is copyrighted and registered with the U.S. Copyright Office. First

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

Amended Complaint, ECF No. 11 at 3. Carson also states that he purchased the software known as vContent from its sole author on May 15, 2011, and that this software also is copyrighted and registered with the U.S. Copyright Office. *Id.* at 5. Carson further claims that all vSim software and documents required to enforce Verismart's licensing agreement of vSim were assigned to him. *Id.* at 7. The vSim software allegedly is copyrighted and registered with the U.S. Copyright Office. *Id.* at 8. Carson alleges that Defendants are using the software by hosting, using, and offering for sale, products and services which require the infringed software. *Id.* at 4,5, 7. Carson further alleges that Defendants are attempting to reverse engineer the CognitiveLogic and vSim codes. *Id.* at 4, 7.

Defendants have filed motions to dismiss. ECF Nos. 20 and 45.

### III. LEGAL STANDARDS

**A. Motion to Dismiss**

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other

facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

**B. Copyright Infringement Clain**

To state a claim for copyright infringement, Carson must allege that (1) he owns a work protected by the Copyright Act and (2) Defendants violated one or more of his exclusive rights under the Copyright Act. *See Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). In relevant part, the Copyright Act grants copyright owners the exclusive right:

> (1) to reproduce the copyrighted work in copies or phonorecords;
>
> (2) to prepare derivative works based upon the copyrighted work; [and]
>
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.

17 U.S.C. § 106.

### IV. DISCUSSION

**A. Procedural Issue Regarding Raff's Reply**

Arguments raised for the first time in a reply are improper. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1417 n. 12 (9th Cir. 1990). In Raff's reply, he makes new arguments regarding whether Carson alleged that Raff ever possessed CognitiveLogic or vContent/CognitiveContent. Reply, ECF No. 64 at 6-7. Raff also newly argues that the termination of the licensing agreement for vSim did not prevent Verismart from continuing to use it. *Id.* at 8.[2] The court will not entertain arguments made for the first time in a reply brief.

Furthermore, the court observes that the other arguments made in Raff's reply brief – for example, the discussions of "fair use" and Raff's personal liability – so dramatically build upon the

---

[2] The court addresses the substance of this argument in its order denying the motion to dismiss filed by the other defendants. In brief, the court finds that this is an affirmative defense that is not obvious from the pleadings given that the court does not find the defendants' proposed contract interpretation to be facially necessary and it raises fact issues. For a complaint to be dismissed because the allegations give rise to an affirmative defense, the defense must clearly appear on the face of the pleading. *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990). And the defenses may not raise disputed issues of fact. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

contentions made in the initial motion that they are close to becoming new arguments.

## B. Whether Carson Sufficiently Alleges Ownership of a Copyright

Raff argues that Carson failed to sufficiently plead that he is the owner of any valid copyright to any of his three claims of copyright in CongitiveLogic, vContent, and vSim because he did not attach any alleged copyrighted code, any copyright registrations or provide the registration numbers to these alleged copyrights. Raff Motion to Dismiss, ECF No. 45 at 5. Raff concludes he cannot determine what, if any, valid copyrighted materials are at issue. *Id.*

Copyright ownership vests initially in the author of the work. 17 U.S.C.A. § 201(a). Ownership of a copyright may be transferred. *Id.* at § 201(d). And an exclusive licensee of a copyright may enforce a copyright. *Sybersound Records v. UAV Corp.*, 517 F.3d 1137, 1144 (9th Cir. 2008).

Registration of a copyright is not required for federal copyright protection. *Hagendorf v. Brown*, 707 F.2d 1018, 1019 (9th Cir. 1983). It is, however, a prerequisite to a copyright suit. *Id.*; 17 U.S.C. § 411(a).

Here, Carson alleges that he is the author of the CognitiveLogic code and that it is copyrighted and registered with the U.S. Copyright Office. First Amended Complaint, ECF No. 11 at 3. Carson also states that he purchased the software known as vContent from its sole author on May 15, 2011, and that this software also is copyrighted and registered with the U.S. Copyright Office. *Id.* at 5. Carson further claims that all vSim software and documents required to enforce Verismart's licensing agreement of vSim were assigned to him. *Id.* at 7. The vSim software allegedly is copyrighted and registered with the U.S. Copyright Office. *Id.* at 8. Moreover, in his reply brief supporting his motion for a preliminary injunction, Carson confirms that the copyrights were registered and he provides the registration numbers. *See, e.g.,* ECF No. 73 at 2.

Even if Carson had not provided the registration numbers, unlike *Universal Surface Technology, Inc. v. Sae-A Trading America Corp.*, No. CV 10-6972 CAS (PJWx), 2011 WL 281020 (C.D. Cal. Jan. 26, 2011), in this case, there is no material risk of confusion as to which software is at issue.

Raff also argues that Carson has not established that he has standing to sue because the allegations in the first amended complaint allegedly contain inconsistencies as to Carson's relationship and roles with Verismart. Raff Motion, ECF No. 45 at 5-6. But Carson clearly alleges

his authorship and/or ownership over the copyrights. This case is not like *Universal Surface Technology, Inc.*, in which the plaintiff alternately alleged that he was licensee and assignee of a third party. 2011 WL 281020, at *6.

### C. Whether Carson Sufficiently Alleges a Violation of His Exclusive Rights Under the Act

#### 1. Whether Carson Alleges Infringing Conduct

Raff argues that Carson failed to sufficiently plead a violation of his exclusive rights under the Copyright Act. Raff Motion to Dismiss, ECF No. 45 at 6-7. First, Raff contends that the allegations that the defendants "host, use, and offer for sale, products and services which require the infringed software" and are "using" the software to "re-engineer" the software to develop new code does not constitute copyright infringement. *Id.*

*a. Copying*

In *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511 (9th Cir. 1993), the Ninth Circuit held that transferring a computer program from a permanent storage device into a computer's random access memory constitutes creating a fixed copy for purposes of copyright infringement. 991 F.2d at 519; *see also DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1148 (N.D. Cal. 2010); *Airframe Systems, Inc. v. Raytheon Co.*, 520 F. Supp. 2d 258, 267 (D. Mass. 2007) ("With regard to software, an act of copying sufficient to violate the Copyright Act occurs each time the software is run.").

Here, Carson claims that Defendants host, use, and offer for sale, products and services which require the infringed software. First Amended Complaint, ECF No. 11 at 4, 5, 7. The reasonable inference is that the allegedly copyrighted codes are copied into the RAM on Verismart's computers. Given these factors, the court concludes that Carson adequately alleges copying in general.

*b. "Fair Use"*

In his reply brief, Raff argues that the "fair use" doctrine prevents Carson from being able to state a claim for infringement based on Verismart's alleged attempts at reverse engineering the software. Reply, ECF No. 64 at 9-10. Raff's "fair use" argument is an affirmative defense. *Cf. Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Management, Inc.*, 618 F.3d 1025, 1031 (9th Cir. 2010) (observing that "fair use" is an affirmative defense in trademark infringement case).

For a complaint to be dismissed because the allegations give rise to an affirmative defense, the defense must clearly appear on the face of the pleading. *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990). And the defenses may not raise disputed issues of fact. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

Here, Raff only provided substance to his "fair use" argument in his reply brief. ECF No. 64 at 9-10. And, although Carson's allegations allow for the inference that Verismart's final product might be transformative, it does not establish all of the elements necessary for the defense. Reverse engineering of software through disassembly – that involves intermediate copying – can be a fair use if the defendant establishes that (1) the defendant has legitimately obtained a copy of the software; (2) disassembly is the only way to gain access to the ideas and functional elements of the program; and (3) the defendant had a legitimate reason for conducting the reverse engineering. *Sony Computer Entertainment, Inc. v. Connectix Corp.*, 203 F.3d 596, 602-03 (9th Cir. 2000). At minimum, these elements are not present because Carson alleges that Verismart illegally obtained a copy of the software. First Amended Complaint, ECF No. 11 at 7, ¶ 10(h).

### 2. Allegations of Raff's Specific Conduct

Raff also contends that Carson failed to allege facts indicating what acts constitute the alleged infringement by Raff. Raff Motion to Dismiss, ECF No. 45 at 7. In the first amended complaint, Carson states that Versimart is using Raff "in either employee or contractor relationships to attempt to circumvent the demand to terminate usage." First Amended Complaint, ECF No. 11 at 4, 5.

Corporate officers, shareholders, and employees are personally liable for the corporation's copyright and trademark infringements when they are a "moving, active conscious force behind the corporation's infringement." *Adobe Systems Inc. v. Childers*, No. 5:10-cv-03571-JF/HRL, 2011 WL 566812, *7 (N.D. Cal. Feb. 14, 2011); *Novel, Inc. v. Unicom Sales, Inc.*, No. C-03-2785 MMC,, 2004 WL 1839117, at * (N.D.Cal. Aug.17, 2004). But the specific allegations in the complaint do not indicate whether Raff was a moving, active conscious force behind the alleged infringement.

Carson claims that Raff violated his copyrights by making the allegedly stolen source code for vSim availabe to Verismart and by using the code in a manner that required copying. Carson Opposition, ECF No. 56 at 9, 11. This conduct, however, is not described in the first amended

complaint.

Accordingly, the court finds that Carson failed to state a claim against Raff but grants Carson leave to amend.

## V. CONCLUSION

For the foregoing reasons, the court **GRANTS** Raff's motion to dismiss. If Carson can correct the deficiency by alleging what actions Raff took that violated one or more of Carson's exclusive rights under the Copyright Act, he may file an amended complaint within fourteen days of this order.

This disposes of ECF No. 45.

**IT IS SO ORDERED.**

Dated: March 27, 2012

LAUREL BEELER
United States Magistrate Judge