UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER CARSON, | No. C 11-03766 DMR |
|     Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR A FINDING OF CONTEMPT OF COURT BY DEFENDANT RAFF** |
|     v. | |
| VERISMART SOFTWARE, et al., | |
|     Defendants. | |
| _____/ | |

This matter comes before the court on *pro se* Plaintiff Fletcher Carson's Motion to Request a Finding of Contempt of Court by Defendant Raff and His Legal Counsel and Imposition of Sanctions ("Motion for Contempt"). [Docket No. 127.] The court conducted a hearing on August 23, 2012, during which the parties were given an opportunity to present oral argument. For the reasons below, the court hereby DENIES Plaintiff's Motion for Contempt.

**I. Background**

On June 1, 2012, the parties participated in a settlement conference before the undersigned that resulted in a settlement agreement between Plaintiff and all defendants, including Defendant Carl Raff. [Docket No. 120 (Civil Conference Minute Order, June 1, 2012); Honea Decl. ¶ 2.] At the conclusion of the conference, the parties placed the material terms of the confidential agreement on the court's recording system. Although the parties entered into a binding and enforceable contract on the record, they also indicated that they intended to reduce the terms to writing. The

parties gave the undersigned full and binding authority to resolve any drafting disputes.  The parties also requested that the case be reassigned to the undersigned for all purposes.  The court entered an Order Re Sealed Transcript, requiring that any transcript of the settlement proceeding be filed and maintained under seal.  [Docket No. 121.]  The court did not enter any other orders regarding the settlement agreement.

Plaintiff Carson now moves for a finding of contempt of court by Defendant Raff and his attorneys based on Raff's alleged failure to comply with the terms of the settlement agreement.  Specifically, Plaintiff requests the court find Raff and his attorneys in contempt for "willful, premeditated, and continuing refusal to comply with an order of this court contained in a sealed transcript of the Settlement Conference" held by the parties on June 1, 2012.  Plaintiff also requests sanctions.  (Pl.'s Mot. 3.)

## II. Discussion

To obtain a civil contempt citation, the moving party must show by clear and convincing evidence that the opposing party violated a specific and definite order of the court.  *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).  If the moving party makes the clear and convincing showing, the burden shifts to the party allegedly in contempt to show that it cannot comply.  *See U.S. v. Montgomery Global Advisors*, No. C04-00733 EDL, 2005 WL 2249092, at *2 (N.D. Cal. Aug. 1, 2005).

Here, Plaintiff has not shown that Raff and his attorneys "violated a specific and definite order of the court," because the court did not enter an order directing Raff or any other party to comply with the terms of the settlement agreement.  Plaintiff argues that "[s]ince this court was provided with binding authority to decide upon any language disagreements between the parties in drafting an acceptable Settlement Agreement, this court ordered Defendant Raff to perform as outlined" on the record by June 30, 2012.  (Pl.'s Mot. 3.)  However, the court did not order any of the parties to perform.  Neither the agreement of the parties to have the court resolve any drafting disputes nor the placement of the terms of the settlement agreement on the record resulted in a court order to comply with the terms of the parties' agreement.  While Raff's alleged failure to comply with the terms of the settlement agreement may be enforced as a breach of that agreement, there was

no court order requiring Raff or his counsel to do anything.  Accordingly, as Plaintiff cannot show that Raff violated a "specific and definite order of the court," his Motion for Contempt is denied.

IT IS SO ORDERED.

Dated:  August 24, 2012



_____
DONNA M. RYU
United States Magistrate Judge