United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FLETCHER CARSON,

Plaintiff,

v.

VERISMART SOFTWARE, *et al.*,

Defendants.

_____________________________________/

No. C 11-03766 DMR

**ORDER RE SETTLEMENT AGREEMENT DRAFTING DISPUTES**

On June 1, 2012, this court convened a settlement conference that resulted in the full resolution of this case. The parties agreed to the materials terms of a confidential settlement, and placed those terms on the record. Although the parties expressed their intent to reduce the terms of the settlement to writing, all parties understood that the settlement agreement was fully enforceable as of June 1, 2012 on the material terms that were announced and agreed to on the record.

The parties subsequently reassigned the case to the undersigned for all purposes. They agreed to vest full authority in this court to decide all disputes regarding the drafting of the settlement agreement, with such disputes to be submitted through a joint letter, without oral argument, for a definitive and binding decision without right of appeal.

On January 14, 2013, the parties submitted a joint letter requesting that the court resolve certain drafting disputes between Defendant Carl Raff on the one hand, and Plaintiff Fletcher Carson, Defendants Verismart Software Inc., Phillip Thoren, James Garvey, Andy Thoren, and Joe Dawson, and additional contractual parties Omsphere LLC and Thomas McKelvey, on the other. Having reviewed the submissions, the court makes the following final, binding and non-appealable decisions.

The court will address the disputes regarding the specific paragraphs of the settlement agreement that are identified in the headings in the joint letter.[1] Except where specifically noted, the paragraphs in the joint letter, as well as in this opinion, refer to the numbering in Raff's proposed agreement.

Paragraph 3.2(d): Raff seeks to eliminate the words "assist" and "incite" from the provision as agreed to by the other parties. The words "assist" and "incite" shall remain in the agreement. They are consistent with the material terms of the agreement.

Paragraphs 3.2(e), 3.2(f), and 3.2(i): Raff's proposed paragraphs 3.2(e) and 3.2(f) are rejected as exceeding the material terms of the agreement.

Paragraph 3.2(h): Raff's proposed paragraph 3.2(h) combines two paragraphs, (¶¶ 3.2(e) and (g)), in the proposal made by the other parties. Raff's proposed paragraph 3.2(h) is rejected. It does not materially differ from the provisions agreed upon by all other parties. Raff makes no attempt to explain why his proposed wording is superior to the language accepted by all other parties.

Paragraph 3.2(j): Although this provision is identified in a heading in the joint letter, the submissions indicate that the parties are in full agreement regarding the language of this paragraph. Raff's proposed ¶ 3.2(j) is identical to the other parties' proposed ¶ 3.2(i). Therefore, no decision is necessary.

---

[1] In reviewing the parties' submissions, it appears that Raff's proposed agreement contains some language that differs from the agreement proposed by the other parties, but is not raised as a dispute in the joint letter. The court will decide only those disputes that were specifically raised in the joint letter.

United States District Court
For the Northern District of California

Paragraph 8.3.2: Although this provision is identified in a heading in the joint letter, the submissions indicate that the parties are in full agreement regarding the language of this paragraph. Therefore, no decision is necessary.

Paragraph 8.4: Raff's proposal is rejected as exceeding the scope of the material terms of the agreement. It also appears to be superfluous.

IT IS SO ORDERED.

Dated: February 5, 2013




DONNA M. RYU
United States Magistrate Judge